UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPRI WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEP'T OF EDUCATION, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-0704 GEB AC PS<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13     The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
14 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
15 court has determined that the complaint does not contain a short and plain statement as required
16 by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading
17 policy, a complaint must give fair notice and state the elements of the claim plainly and
18 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
19 must allege with at least some degree of particularity overt acts which defendants engaged in that
20 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of
21 Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,
22 however, grant leave to file an amended complaint.
23     If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
24 grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must
25 demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal
26 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific
27 terms how each named defendant is involved.  There can be no liability under § 1983 unless there
28 is some affirmative link between a defendant's actions and the claimed deprivation.  Rizzo v.

1  Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
2  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

  In accordance with the above, IT IS HEREBY ORDERED that:

  1.  Plaintiff's application to proceed in forma pauperis is granted;

  2.  Plaintiff's complaint is dismissed; and

  3  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  June 13, 2013

*/s/ Allison Claire*
UNITED STATES MAGISTRATE JUDGE

/mb;will0704.ifp.grant.lta